IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAE EVETTE CHANDLER,**            Case No. 1:18 CV 36

    Plaintiff,                                         Judge Christopher A. Boyko

    v.                                               Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                           REPORT AND RECOMMENDATION

### INTRODUCTION

Plaintiff Mae Chandler ("Plaintiff") filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's finding that she was overpaid supplemental security income ("SSI") benefits and was not entitled to a waiver of recovery. (Doc. 1). The district court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to Local Rule 72.2. (Non-document entry dated February 14, 2018). Following review, and for the reasons stated below, the undersigned recommends the decision of the Commissioner be affirmed.

### BACKGROUND

*Financial Records and Agency Correspondence*

Plaintiff received an award of SSI benefits based on an application filed May 31, 2007. (Tr. 19).

In September 2013, the Social Security Administration ("SSA") issued a Notice of Overpayment indicating Plaintiff was overpaid $507.71 that month due to her income. (Tr. 46-50).

In October 2013, Plaintiff reported she earned $1,222.83 in September 2013. (Tr. 57). Later that month, the SSA notified Plaintiff that, due to her income, her monthly SSI payment would be reduced to $141.09 beginning in November 2013. (Tr. 59). On November 2, 2013, the SSA notified Plaintiff that, due to her income, her monthly SSI payment would be reduced to $152.50 beginning in December 2013. (Tr. 65). A few days later, Plaintiff reported she earned $2,214.08 in October 2013. (Tr. 70). On November 13, 2013, the SSA notified Plaintiff they overpaid her $274.22 for the month of October 2013 due to an increase in income. (Tr. 72). On December 1, 2013, the SSA notified Plaintiff her monthly SSI payment would be $163.50 beginning in January 2014. (Tr. 84). On December 6, 2013, Plaintiff filed a request for reconsideration. (Tr. 91).

On April 21, 2014, the SSA conducted a redetermination of eligibility in Plaintiff's case. (Tr. 99-108). During an interview, Plaintiff reported her income from July to November 2013. (Tr. 102). On April 28, 2014, the SSA issued a Notice of Planned Action, after finding Plaintiff had resources exceeding the SSI limit of $2,000 during the months of April 2012, December 2012, September 2013, December 2013, and January through May 2014. (Tr. 110, 117-25). Further, within the Notice of Planned Action, the SSA determined, because of her income, Plaintiff's SSI award for July, August, October, and November of 2013, was also incorrect. (Tr. 126-29). On April 30, 2014, the SSA issued a Notice of Overpayment, with an overpayment summary explaining Plaintiff was overpaid $3,797.66. (Tr. 130-34). In a billing statement dated May 5, 2014, the SSA stated Plaintiff's balance due was then $3,999.95. (Tr. 151). Plaintiff filed a request for reconsideration of this overpayment determination on May 7, 2014. (Tr. 136). On May 19, 2014, in a Notice of Reconsideration, the overpayment determination was upheld. (Tr. 137-39).

On May 23, 2014, Plaintiff requested a hearing before an ALJ. (Tr. 140). A few days later, Plaintiff's mother, Mitty Davis-Jones, submitted a letter to the SSA and attached bank statements from April 2014 in support of Plaintiff's claim. (Tr. 145-47).

During an interview with the SSA on May 28, 2014, Plaintiff "offered no explanation for failure to make timely report of her earned wages and excess resources." (Tr. 148). In the interview report, the officer noted the SSA sent a request for (and received) bank balances via the electronic access to financial institutions ("eAFI") system. *Id.*[1]

On June 27, 2014, the SSA notified Plaintiff that her overpayment amount increased to $4,064.75. (Tr. 150). In July 2014, the SSA notified Plaintiff she would not receive SSI payments from August 2014 forward due to estimated monthly wages of $1,639.89. (Tr. 154).

On December 15, 2014, Plaintiff requested a waiver of overpayment. (Tr. 179-86). Plaintiff stated she was "unaware of a change or event that would have affected [my] benefits or made me overpaid. . . . I did not misreport or misrepresent my circumstances. I was eligible to receive the funds received." (Tr. 180). Regarding the money in her checking account during the time period in question, Plaintiff stated: "Monies in my checking account are only there for a short time and may have included my college financial aid award or my SSI benefits through 2012 and most of 2013." *Id*. When asked why she believed she should not have to repay the amount, Plaintiff denied she was overpaid, stated she was "in dire need of the assistance", and she "had no other source of income" for most of the period in question. (Tr. 181). With her waiver request, Plaintiff submitted bank statements from mid-April to mid-May 2012, October through December 2012; January through December 2013; and January through May 2014. (Tr. 187-225).

---

1. The eAFI report is included in the record at Exhibit 23. (Tr. 141-44).

*Hearing Testimony*

Plaintiff appeared and testified before the ALJ on January 27, 2015. (Tr. 230-69). Also present was her mother, Mitty Davis-Jones, who indicated she submitted forms to be Plaintiff's "non-attorney representative". (Tr. 231). The ALJ noted these forms were not in the file, but permitted Davis-Jones to testify on behalf of Plaintiff. *Id*. Plaintiff testified she did not have a legal guardian and waived legal representation on her own behalf. (Tr. 232).

Davis-Jones stated she did not receive an itemized statement from the SSA, detailing the months and amounts Plaintiff was overpaid. (Tr. 235-36). The ALJ noted it was provided to Plaintiff and Davis-Jones before the hearing. Id. The ALJ asked Davis-Jones if she and Plaintiff had a chance to review them; Davis-Jones indicated they did. *Id*.

Plaintiff stated she was not working in 2012, but received approximately $5,000 in financial aid for culinary school. (Tr. 241, 245). She received the financial aid by direct deposit and used it to purchase books, uniforms, and culinary knives. (Tr. 245-46). Plaintiff also received an insurance check in 2013 due to her car being totaled. (Tr. 260).

Plaintiff worked in the cafeteria at the Cleveland Clinic from July 2013 to June 2014. (Tr. 253-54). She began working at "The 9" in August 2014, and remained employed there at the time of the hearing. (Tr. 255). Davis-Jones testified she helped Plaintiff report her wages "immediately" to the SSA during this time, both over the phone and online. (Tr. 255-57). She indicated they had difficulties navigating the website and the "App" due to technical problems and never intended to misrepresent Plaintiff's income. (Tr. 259). Plaintiff stated she understood her responsibility to report her income to the SSA. *Id*.

Regarding any hardship repaying the money, Davis-Jones testified Plaintiff lacked any disposable income. (Tr. 261-62). With childcare, food, and other bills, she noted Plaintiff's income

4

and expenses were "pretty much equal". (Tr. 261). Plaintiff stated she was "in the hole" because she had not worked the past two months due to her depression. (Tr. 266-67).

*ALJ Decision*

In a written decision dated March 5, 2015, the ALJ made the following findings of fact and conclusions of law:

1. The claimant was overpaid benefits of $4,064.75 as of June 27, 2014 for months beginning in April 2012 through May 2014 (20 CFR 416.537(a)).

2. The claimant was not without fault in causing the overpayment (20 CFR 416.550 and 416.552).

3. Since the claimant has been overpaid in SSI benefits and she is not without fault in causing the overpayment. Therefore, the claimant is liable for repayment of $4,064.75 during the period April 2012 through May 2014 (20 CFR 416.550 and 416.551).

(Tr. 9-14).

Plaintiff requested a review of the hearing decision, noting she "never received an itemized accounting" of the amount due and "such information was not available at the time of the hearing so I assume the judge did not see it". (Tr. 227). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 2-4); *see* 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff timely filed the instant action on January 5, 2018. (Doc. 1).

**STANDARD OF REVIEW**

In reviewing the Commissioner's decision, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable

5

mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## DISCUSSION

SSI is a means-determinative benefit only available to the aged, blind, and disabled who satisfy certain statutory income and resource requirements. 42 U.S.C. § 1382(a). As an initial matter, an unmarried individual is not eligible for SSI benefits if her resources exceed $2,000.00 during a given period. 42 U.S.C. § 1382(a)(1)(A); 20 C.F.R. § 416.1205. "Resources means cash or other liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a).

An overpayment of benefits occurs when an individual is paid "more than the amount due for any period." 20 C.F.R. § 416.537(a). The Commissioner shall recover overpayments of benefits whenever more than the correct amount has been paid. 42 U.S.C. § 1383(b)(1)(A). The Commissioner may waive recovery of an overpayment if: (1) the individual was "without fault in connection with an overpayment"; (2) recovery of the funds would "defeat the purpose" of the program; (3) recovery would "be against equity and good conscience"; or (4) the amount is so small recovery would "impede efficient or effective administration of title XVI". 20 C.F.R. § 416.550.

Whether an individual is "without fault" depends on "all the pertinent circumstances surrounding the overpayment". 20 C.F.R. § 416.552. It is the claimant's burden to establish that she is without fault. *Watson v. Sullivan*, 940 F.2d 168, 172 (6th Cir. 1991). The SSA considers factors such as the individual's understanding of the reporting requirements, knowledge of the occurrence of events that would trigger reporting, and efforts, opportunity, and ability to comply with the reporting requirements. 20 C.F.R. § 416.552. Although the finding depends on the totality of the circumstances surrounding the case, an individual will be found "at fault" for an overpayment when it results from any of the following circumstances:

(a) Failure to furnish information which the individual knew or should have known was material;

(b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or

(c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

*Id*. Importantly, "[a]lthough the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from liability for repayment if such an individual is not without fault." 20 C.F.R. § 404.507. In other words, a "bureaucratic lapse . . . will benefit a claimant only if [s]he is totally blameless." *Watson*, 940 F.2d at 172.

Plaintiff argues the total amount of the alleged overpayment is incorrect due to the SSA's reliance on inaccurate bank balances for the period at issue. (Doc. 11, at 1); (Doc. 13, at 2). The Commissioner responds that substantial evidence supports: (1) the ALJ's conclusion that Plaintiff's overpayment amount is correct; and (2) recovery of the overpayment should not be waived because Plaintiff was not at fault in causing it. (Doc. 12, at 15). For the reasons discussed below, the undersigned recommends the decision be affirmed.

*Unsigned and Untimely Pleadings*

As an initial matter, the undersigned notes Plaintiff's Complaint and subsequent filings are all unsigned. *See* Docs 1, 11, 13. Although she does not make a specific objection, the Commissioner points out that Plaintiff's mother improperly signed her first brief. (Doc. 12, at 2) (citing Doc. 11).

On October 30, 2018, Plaintiff filed an "Answer to Brief on the Merits"[2]. (Doc. 13). Because the Commissioner's Brief on the Merits (Doc. 12) was filed on July 18, 2018, Plaintiff's reply is untimely filed by more than two and a half months. Local Rule 7.1(e) ("Unless otherwise ordered by the Judicial Officer, the moving party may serve and file a reply memorandum in support of any dispositive motion within fourteen (14) days after service of the memorandum in opposition[.]"). Importantly, Plaintiff's mother also signed the Reply. (Doc. 13, at 4). This occurred even after the Commissioner pointed out the error in her Brief on the Merits. (Doc. 12).

Under Federal Rule of Civil Procedure 11(a):

> SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or *by a party personally if the party is unrepresented*. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).

Because the Complaint is not signed, the case is not properly before the Court. *Id*. Further, the undersigned notes Plaintiff was on notice that her brief and Reply (Doc. 11, 13), were improperly signed when the Commissioner brought it to Plaintiff's attention in her brief (Doc. 12,

---

2. To avoid confusion, the undersigned will hereafter refer to Plaintiff's "Answer to Brief on the Merits" (Doc. 13) as a "Reply".

8

at 2). Thus, the rule requires the Court to strike the Complaint, brief, and Reply for this reason. *See* Fed R. Civ. P. 11(a). However, even if Plaintiff were to correct these omissions by signing the pleadings, and the Court considered the arguments presented therein, the undersigned would recommend the Court find the Commissioner's decision supported by substantial evidence as detailed below.

*Overpayment*

As noted above, an individual cannot receive SSI benefits during a period in which she has resources in excess of $2,000.00. 42 U.S.C. § 1382 (a)(1)(A); 20 C.F.R. § 416.1205. After reviewing the evidence of record and hearing testimony, the ALJ determined Plaintiff was overpaid $4,064.75 from April 2012 through May 2014. (Tr. 11). Following a summary of the record and hearing testimony, the ALJ explained: "It is quite clear and uncontroverted by persuasive evidence of any sort that the claimant did have excess income and resources beginning April 2012 and that, as she continued to receive SSI benefit checks, she was overpaid." (Tr. 12).

Plaintiff's argument relies heavily on an assertion that she did not hold account balances in excess of $2,000.00 during the period at issue. (Doc. 11, at 2). However, as the ALJ pointed out, the record tells a different story. (Tr. 12). At the hearing, Plaintiff argued that the April 2012 bank statement she submitted contradicted the finding she had resources in excess of $2,000.00 during that particular month. (Tr. 250-51). Plaintiff's bank statement, covering the dates April 14, 2012 to May 15, 2012, shows the maximum balance held was $726.56. (Tr. 188). However, as the Commissioner correctly points out (Doc. 12, at 10), the statement only shows activity from April 14 to the end of the month, not from the first of the month, the date on which the SSA determines the value of her resources. *See* 20 C.F.R. § 416.1207(a). The bank records obtained by the SSA

9

through the eAFI system show Plaintiff had a balance of $2,685.18 on April 1, 2012 – well over the $2,000.00 threshold. (Tr. 141).

Further, Plaintiff argues she did not hold account balances in excess of $2,000.00 during December 2012 and September 2013. (Doc. 11, at 1). However, the eAFI records show her checking and savings account balances for these periods show totals $2,051.46 on December 1, 2012, and $2,621.28 on September 1, 2013 – again, well above the threshold. (Tr. 141, 143).

At the hearing, Plaintiff also testified she received financial aid for culinary school at various (unspecified) times during the relevant period. (Tr. 241-43, 245-46). The money was directly deposited into her checking account. (Tr. 243). During the hearing, Plaintiff argued the financial aid should have been excluded from her income calculation. (Tr. 241-43). Indeed, the ALJ informed her that financial aid is not considered a "resource" if used for specific educational purposes. (Tr. 244); 20 C.F.R. § 416.1210(u). However, the ALJ also explained Plaintiff did not submit proof or documentation showing her financial aid was, in fact, spent on qualifying educational expenses. (Tr. 244) ("If there is nothing that we have that shows that the financial aid was specifically for the purposes that you said, and specifically that it was spent on those purposes, then we'll have to consider whatever money is [in] the bank as money you have access to or could have access to, and that would make it a resource."); 20 C.F.R. § 416.1210(u).

Plaintiff further argues "the sum of $5,386.37 from the insurance company when her automobile was totaled. . . is not an asset since it reflects the value of an automobile which is allowed under SSI regulations and was used to replace the vehicle." (Doc. 13, at 2). Indeed, the regulations provide that an automobile is excluded from consideration, regardless of value, "if it is used for the individual or a member of the individual's household." 20 C.F.R.§ 416.1218(b)(1). Importantly, the regulations also provide that equity in an automobile is counted as a resource. §

416.1218(b)(2). Here, according to Plaintiff's testimony, the automobile at issue was in fact liquidated and funds deposited into her checking account. (Tr. 260). The record shows a $5,386.37 deposit on March 24, 2014. (Tr. 222). What the record does not show is: (1) where the deposit originated; and (2) whether the money was used to purchase another vehicle which would be subject to exclusion under the regulation. A $5,386.37 cash payment for a vehicle is a "resource" under the regulation. 20 C.F.R. § 416.1201(a) ("Resources means cash or other liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance."). Thus, substantial evidence supports the ALJ's finding that Plaintiff's assets exceeded the allowable amount in March 2014. (Tr. 11).

Plaintiff next argues that her 2014 income tax refund should have been excluded from her resource calculation. (Doc. 13, at 2). Plaintiff is correct that federal tax refunds are excluded from resource calculations for a period of twelve months after receipt. S*ee* 20 C.F.R. §§ 416.1210(o) and 416.1235. However, Plaintiff received her income tax refund on May 7, 2014 (Tr. 146, 223) which means (as detailed above) the amount was included in her resource calculation for June 2014 – after the overpayment determination period. (Tr. 11, 130).

Finally, Plaintiff also disputes the SSA's calculation of her income for September through December 2014, citing a letter dated "April 28, 2015". (Doc. 11, at 1-2). Plaintiff does not attach the letter with her filing, and a letter with that date is not part of the record. Further, the months Plaintiff points to are far outside the April 2012 – May 2014 determination period at issue before the ALJ. (Tr. 14). Moreover, because the 2015 letter Plaintiff references in her brief was not part of the record before the ALJ, it also cannot be considered by this Court. *See Salyer v. Comm'r of Soc. Sec.*, 574 F. App'x 595, 597 (6th Cir. 2014). There is a letter in the record from the SSA dated April 28, 2014. (Tr. 109-29). However, the income calculations for September through December

11

that Plaintiff specifically alleges are incorrect are not in this letter, so it is unclear if Plaintiff mistakenly references the wrong year or is referencing another document completely. *See id*.

In sum, for these reasons detailed above, the Commissioner's determination Plaintiff was overpaid benefits based on excess resources or excess income is supported by substantial evidence.

*Fault and Waiver*

Next, the undersigned turns to the issue of whether substantial evidence supports the ALJ's conclusion that Plaintiff was at fault, and thus not entitled to a waiver of the overpayment. (Tr. 12). The Commissioner correctly points out that, in her first brief (Doc. 11), Plaintiff did not raise a waiver issue before this Court, however, she raised the issue in a written waiver request, at the hearing, and in her Reply after reading the Commissioner's brief (Doc. 12). *See* Tr. 179-86, 261-69; Doc. 13, at 3. The Commissioner further argues that substantial evidence supports the ALJ's determination Plaintiff was not entitled to a waiver of overpayment. (Doc. 12, at 15). Plaintiff asserts she is entitled to "at least a partial waiver of overpayment recovery" because she attempted to report her income during the time period at issue. (Doc. 13, at 3). For the reasons discussed below, the undersigned finds the Commissioner's decision regarding fault and waiver supported by substantial evidence and recommends the decision be affirmed.

As noted above, whether an individual is "without fault" depends on "all the pertinent circumstances surrounding the overpayment". 20 C.F.R. § 416.552. The SSA considers a number of factors, including the individual's understanding of the reporting requirements, knowledge of the occurrence of events that would trigger reporting, and efforts, opportunity, and ability to comply with the reporting requirements. *Id*.

Here, the ALJ addressed these relevant factors. First – while properly giving consideration to her age, education, and mental status – the ALJ determined Plaintiff knew (or could reasonably

12

have been expected to know) she was overpaid. (Tr. 12); 20 C.F.R. § 416.552. As evidence, the ALJ noted Plaintiff has been her own payee since 2009 and was ultimately the one responsible for reporting her income, though Davis-Jones assisted on occasion. (Tr. 13). The ALJ cited testimony by Plaintiff and Davis-Jones which supported the conclusion that both knew of the reporting requirements. *Id*. (citing Tr. 259-60). Plaintiff specifically admitted she knew of the reporting requirements (Tr. 259), and Davis-Jones admitted Plaintiff held over the $2,000 resource limit on some occasions (Tr. 260). Plaintiff admitted, in testimony and in her Reply, that she attempted to report her income through the website, but had difficulty. Tr. 256-57; Doc. 13, at 3. Thus, the ALJ concluded, Plaintiff did not accept the overpayment in good faith due to her expressed knowledge of the reporting requirements. (Tr. 13). Further, the ALJ found Plaintiff did not exercise care in preventing overpayment because she only revealed pertinent income information when prompted to do so at the redetermination interview. *Id*. (citing Tr. 148).

> Ultimately, the ALJ determined:
>
> Clearly, the claimant is NOT without fault in the creation of the overpayment. She has been receiving SSI for many years and would have had many reminders of reporting instructions/requirements. She has admitted she knew the reporting requirements but did not always report due to reasons she was not readily able to explain.

(Tr. 13). In other words, after examining all relevant factors, the ALJ found Plaintiff failed to furnish information which she knew (or should have known) was material regarding her income and assets. 20 C.F.R. § 416.552. And, as discussed above, an individual is at fault when an overpayment occurs due to the failure to disclose such information. *Id*.

While the intent is not to punish Plaintiff by allowing this recoupment to stand, the conclusion that she "had reason to know [s]he was getting a windfall" is supported, and thus she is required to make the public whole. *Watson*, 940 F.2d at 172. In sum, the undersigned finds the

13

decision that Plaintiff was not without fault and therefore not entitled to a waiver of the overpayment is supported by substantial evidence, and recommends the decision be affirmed.

## CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, the undersigned recommends the Court find the Commissioner's determination Plaintiff was overpaid benefits, and not entitled to a waiver, supported by substantial evidence, and affirm that determination.

 s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).